IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILMORT FRAISAR,<br><br>      Plaintiff,<br><br>v.<br><br>PENNSYLVANIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>      Defendants. | Civil Action No. 07-1085<br>Chief Judge Ambrose<br>Magistrate Judge Caiazza |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss or in the Alternative for Summary Judgment filed by the Defendants (Doc. 10) be granted, and that the Plaintiff's "Motion for Relief" (Doc. 13) be denied.[1]

### II. REPORT

Wilmort Fraisar ("Fraisar" or "the Plaintiff") is a state prisoner currently incarcerated in the State Correctional Institution at Fayette. Fraisar alleges that he informed the Defendants of his need for orthopedic shoes in February, 2007, that he was fitted in March, 2007, but that he had not received them (Doc. 1, Ex. A, ¶¶1-5).

The Defendants have filed a Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 10) and have attached an

---

1. In directing a response to the Defendants' Motion, the Court informed the parties that it would be treated as a motion for summary judgment (Doc. 12). The Court also informed the Plaintiff that he could file counter-affidavits and exhibits in support of his response.

affidavit indicating that Fraisar has not filed a grievance concerning the denial of his request for orthopedic shoes (Doc. 10, Ex. A). In another affidavit, Robert Tretinik states that Fraisar's orthotic boot and leg brace were replaced in July, 2007 (Doc. 10, Ex. B). Further, Fraisar was evaluated in January, 2008, with respect to the replacement of his orthopedic shoes, and those shoes were due for delivery in February, 2008.

The Defendants interpret the Complaint as a prisoner civil rights suit seeking relief for the denial of medical care pursuant to 42 U.S.C. §1983; the Defendants also interpret the Complaint as being filed pursuant to the provisions of the Americans with Disabilities Act ("ADA"). The Defendants seek summary judgment with respect to the civil rights action claiming that Fraisar has failed to exhaust administrative remedies. The Defendants also seek summary judgment with respect to Fraisar's ADA claim on the basis that the ADA is inapplicable to cases in which a prisoner is alleging the denial of necessary medical treatment.

Fraisar has responded to the Defendants' Motion, denying that he has raised a §1983 claim. Repeatedly Fraisar states that the only cause of action raised is an ADA claim for failure to accommodate his disability (Doc. 17). Fraisar also filed a "Motion Relief with Formal Letter" (Doc. 13) on March 4, 2008, in which he asserts that he has been without *any* shoes for two

months. The Defendants responded, submitting an affidavit from Mr. Tretinik stating that one new orthopedic boot for Mr. Fraisar was delivered on March 3, 2008, and that the second boot was delivered on March 8, 2008 (Doc. 19, Ex. A). Mr. Tretinik states that Fraisar at all times had alternative footwear.

A. **The Applicable Standard**

Fraisar's burden in response to a well-pleaded motion for summary judgment is to present "specific facts showing that there is a *genuine issue for trial* . . . or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(internal citation and quotation omitted, emphasis added).

B. **The Analysis**

Fraisar is the "master of his complaint" and he may plead as he so chooses. See, e.g., Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826 (2002). That said, although his Complaint makes reference to deliberate indifference and the Eighth Amendment, he may opt not to raise a §1983 claim. Hence, the Court will take Fraisar at his word that no civil rights claim has been alleged here.[2]

---

2. If Fraisar did raise a §1983 claim, the Defendants would be entitled to summary judgment in this case since he has clearly failed to exhaust administrative remedies. 42 U.S.C.A. § 1997e(a)(no §1983 claim may be made by a prisoner "until such administrative remedies as are available are exhausted").

-3-

Fraisar's ADA claim fares no better. A similar attempt to pursue a claimed denial of medical treatment under the ADA was rejected in Iseley v. Beard, 200 Fed.Appx. 137 (3d Cir. 2006)(internal quotations and citations omitted):

> A claim under the ADA requires that: 1) the plaintiff has a disability; 2) the plaintiff is otherwise qualified for the program sought or would be qualified if the defendant made reasonable modifications to the program, and 3) the plaintiff was excluded from the program solely by reason of his or her disability . . . . [The Plaintiff] does not claim that he was excluded from any program on the basis of his disability, which is not encompassed by the ADA's prohibitions. . . . [T]he ADA would not be violated by a prison's failing to attend to the medical needs of its disabled prisoners . . . . The ADA does not create a remedy for medical malpractice.

Although Iseley is not binding precedent, the rationale is sound and it disposes of Fraisar's claims as well. Clearly, Fraisar has not alleged that he has been denied access to any program due to his alleged disability. Consequently, the Defendants are entitled to summary judgment with respect to his ADA claim because he has failed to satisfy the third prong of the test.

## C. Conclusion

It is respectfully recommended that the Motion to Dismiss or for Summary judgment filed by the Defendants (Doc. 10) be granted. It is further recommended that the Plaintiff's Motion for Relief (Doc. 13) be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636

(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by May 12, 2008.

April 25, 2008

s/Francis X. Caiazza
Francis X. Caiazza
United States Magistrate Judge

cc:
WILMORT FRAISAR
BX-4081
SCI at Fayette
P.O. Box 9999
LaBelle, PA 15450